U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 7 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MOHAMMED NABIL KHATIB d/b/a<br>7 STAR GENERAL CONTRACTORS,<br><br>    Plaintiff,<br><br>VS.<br><br>CATHAY BANK,<br><br>    Defendant,<br>    Third-Party<br>    Plaintiff<br><br>VS.<br><br>MAISA PROPERTY, INC., &<br>NABIL KHATIB,<br>    Third-Party<br>    Defendants. | NO. 4:11-CV-540-A |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court for consideration are two documents filed on January 31, 2012, by defendant, Cathay Bank, titled "Cathay Bank's Motion to Compel Discovery Responses From Plaintiff Mohammed Nabil Khatib d/b/a 7 Star General Contractors," and "Cathay Bank's Motion to Compel Discovery Responses From Maisa Property, Inc. & Nabil Khatib." Mohammed Nabil Khatib d/b/a 7 Star General Contractors ("7 Star"), and third-party defendants, Maisa Property, Inc. ("Maisa") and Nabil Khatib, have filed responses, and Cathay Bank has filed a reply.

Having reviewed the parties' filings, the applicable law, and the record in this case, the court has concluded that the portion of the motion seeking to compel discovery should be dismissed as moot, but that the request for reasonable expenses should be granted.

I.

Background

In the two motions to compel, Cathay Bank asked that the court order 7 Star, Maisa, and Nabil Khatib, to comply with the discovery requests Cathay Bank had submitted in the form of written interrogatories. Additionally, as part of the relief sought, Cathay Bank requested that the court require 7 Star to pay Cathay Bank $1,500 as reasonable expenses incurred in filing the motion to compel against 7 Star. Cathay Bank also requested that the court require Maisa and Nabil Khatib to pay Cathay Bank $1,500 as reasonable expenses incurred in filing the motion to compel against Maisa and Nabil Khatib. The background of the discovery dispute is as follows:

With respect to 7 Star, Cathay Bank's counsel, Barbara Ellis ("Ellis"), stated that she had in good faith conferred and attempted to confer with Kenneth Harter, 7 Star's counsel, about 7 Star's failure to provide answers to the interrogatories by November 28, 2011, along with its failures to provide responses

to requests for production. Ellis inquired in writing and then over telephone on January 5, 2012, with 7 Star's counsel, who stated that the answers and responses would be provided. On January 9, 2012, only the responses to the requests for written production were served; in a letter 7 Star's counsel stated he "hope[d]" that the answers to the interrogatories would follow "in the next week." 7 Star Mot. to Compel at 3. The answers had not been provided as of the date of the filing of the motion to compel on January 31, 2012.

With respect to Maisa and Nabil Khatib, Cathay Bank's counsel, Kent Hoffman ("Hoffman"), stated that he had in good faith conferred and attempted to confer with D. Kimberli Wallace ("Wallace"), counsel for Maisa and Nabil Khatib, about the third-party defendants' failure to provide answers to the interrogatories by November 28, 2011, along with their failures to provide responses to requests for production. Hoffman inquired in writing and then over telephone on January 18, 2012 with Wallace, who stated that the answers and responses would be provided by January 23, 2012. On January 13, 2012, only the responses to the requests for written production were served; through email Wallace promised that the answers to the interrogatories would follow on January 25, 2012. Again, the

3

answers had not been provided as of the date of the filing of the motion to compel.

Cathay Bank filed its two motions to compel on January 31, 2012. On February 6, 2012, 7 Star filed its response, and Maisa and Nabil Khatib jointly filed their response. The response of 7 Star stated that its "responses will be served upon counsel for Cathay Bank no later than close of business, February 10," and further "urge[d] the Court to deny any monetary sanctions at this time." 7 Star Resp. The response of Maisa and Nabil Khatib stated that they "have now fully responded" to Cathay Bank's request for interrogatories "without objection, as of February 6, 2012," and asked that Cathay Bank's "request for $1,500 as expenses incurred for their Motion to Compel be denied." Maisa & Khatib Resp.

Cathay Bank filed two replies, one directed at 7 Star and the other at Maisa and Nabil Khatib. In both replies, Cathay Bank states that it continues to seek the relief sought in the motions to compel filed on January 31, 2012, and specifically, requests that the court award the reasonable expenses incurred in drafting the motions to compel. In support of the request, Cathay Bank attached an affidavit of Ellis, stating that Cathay Bank sought the recovery of fees and costs because of delay

4

tactics employed by 7 Star, Maisa and Nabil Khatib during discovery.

On March 6, 2012, pursuant to this court's order, Cathay Bank filed a response and supplemental affidavit from Ellis that included billing records for the work completed. Ellis's supplemental affidavit stated that Cathay Bank incurred legal fees in excess of $7,500 for the work relating to the discovery dispute; however, Cathay Bank reiterates that it is only seeking $3,000 as reimbursement for reasonable expenses incurred.

II.

Analysis

Because 7 Star, Maisa, and Nabil Khatib have already provided Cathay Bank with the answers to the interrogatories, that portion of the motion seeking to compel discovery is now moot. However, Cathay Bank's request for reasonable expenses is still ripe for review. The court now turns to that issue for consideration.

A. Request for Reasonable Expenses

The request for reasonable expenses is brought pursuant to Rule 37 of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> If the motion is granted--or <u>if the disclosure or requested discovery is provided after the motion was filed</u>--the court must, after giving an opportunity to

> be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

In this case, the requested answers to the interrogatories from 7 Star, Maisa, and Nabil Khatib were provided only <u>after</u> Cathay Bank had filed the motions to compel discovery. Given that this is a situation where "the disclosure or requested discovery is provided after the motion was filed," an award of expenses for Cathay Bank is clearly warranted. Moreover, 7 Star, Maisa, and Nabil Khatib have offered no justification as to why an award should not be entered against them. The three parties opposing the award were afforded an opportunity to respond to the request, but have failed to provide the court with any reason to show that any one of the three exceptions under Rule 37(a)(5)(A) bars an award of fees. <u>Id.</u>

For instance, 7 Star does not argue that Cathay Bank failed to attempt in good faith to obtain the discovery without court action, that the belated response was substantially justified, or that any other circumstances might make an award of expenses unjust. Instead, 7 Star merely suggests that the court delay imposing monetary sanctions "at this time," and postpone such a decision for determination at trial. 7 Star Resp. at 2. Maisa, on the other hand, simply states that the answers were not timely delivered "due to unforeseen circumstances," and that "Cathay Bank has not been unfairly prejudiced by the delay of delivery." Maisa Resp. at 2. Absent more concrete information, however, the court cannot say that Maisa has shown that "unforeseen circumstances" constitute substantial justification for the delay. Nor has Maisa offered any evidence to show that the award of sanctions would be unjust in these circumstances.

Consequently, the court finds no special circumstances, and the parties opposing the award of fees have identified none, that would render an attorney's fees award unjust. The responses in opposition to the request for costs fail to persuade the court that costs should not be awarded for this delay in responding to discovery. The court concludes that 7 Star, Maisa, and Nabil Khatib should pay reasonable expenses to Cathay Bank.

B.  Reasonableness of Fees

The court now turns to the amount requested to determine its reasonableness. The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. The lodestar is presumed to yield a reasonable fee. La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." La. Power & Light, 50 F.3d at 328.

Ellis, as counsel for Cathay Bank, has provided an affidavit and a supplemental affidavit in support of the request for reasonable expenses. Attached to the supplemental affidavit are three tables of billing records, partially redacted. The court now turns to those billing records to calculate the amount of hours worked.

It appears that three attorneys worked on the case: Ellis, Hoffman, and another lawyer, Carl Scherz ("Scherz"). To avoid considering duplicative work, however, the court is only considering the work completed by Hoffman.

The first table, which covers December 2011, includes telephone conferences and communications with opposing counsel on the status of discovery issues leading up to the motions to compel. This table indicates Hoffman, a partner, completed one hour of work at a rate of $470 an hour. Cathay Bank's Mar. 6, 2012 Resp., Attach. to Ellis Supplemental Aff. The total amount actually charged to Cathay Bank, however, was redacted. Assuming that Hoffman charged Cathay Bank the rate quoted for December, the total fee for December 2011 would have been $470. Id.

The second table covers January 2012 and includes work on researching and drafting the motions and supporting briefs. This second table indicates that Hoffman completed 7.75 hours of work at a rate of $495 an hour. Id. Ellis's supplemental affidavit states that over $3,800 in legal expenses was incurred for the month of January. Assuming that the full fee of Hoffman was submitted, then the total amount for January 2012 would have been $3,836.25.

The February 2012 table indicates Hoffman completed two hours of work at a rate of $495 an hour, without providing any

9

information on the full fee actually charged. Id. Again, assuming that the full fee was charged to Cathay Bank, the total amount for February 2012 would have been $990.

The court now considers the arguments made by the opposing parties concerning the amount of the fee. The opposition of Maisa, 7 Star, and Nabil Khatib to the request for attorney's fees is predicated on the argument that the fees are not warranted at all, for the reasons already discussed. They do not, however, dispute the necessity for the work or more importantly, the reasonableness of the hourly rate. Despite the absence of such a reasonableness challenge from any of the three opposing parties, the court will nevertheless conduct its own inquiry into the reasonableness of the award.

Under Rule 37, a party and its counsel "can only be held responsible for the reasonable expenses [including attorney's fees] caused by their failure to comply with discovery." Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V., 865 F.2d 676, 687 (5th Cir.), cert. denied, 493 U.S. 872 (1989). The total amount of legal expenses for the months of December 2011, January 2012, and February 2012, when only considering Hoffman's work and assuming that Cathay Bank was actually charged for the full amount, is $5,296.25. Cathay Bank has requested a downward adjustment of that amount to $3,000. In light of the

10

circumstances, the court concludes that such a downward adjustment is warranted.[1] The court is concerned that the billing records do not provide the actual amount billed or reflect whether some hours were written off. However, the Ellis supplemental affidavit did state that Cathay Bank actually incurred over $7,500 in legal fees for the discovery dispute, and the motions to compel presently seek less than the full amount. Thus, the court is satisfied, given the additional information in the Ellis supplemental affidavit, that the amount of $3,000 requested by Cathay Bank is reasonable.

The court, after having reviewed the two motions to compel discovery, the replies, and the responses filed pursuant to the court's orders, finds that the total time expended by Hoffman was reasonably required to perform legal research, to write and file the pleadings, and to communicate with opposing counsel. Because the court did not consider the hours charged by Ellis and Scherz, the court did not include any charges for duplicative

---

[1] After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The court can make upward or downward adjustments to the lodestar if the Johnson factors warrant such modifications. See Watkins v. Fordice, 7 F.3d 453 (5th Cir. 1993).

work in the listed hours. The court therefore finds that 10.75 hours was a reasonable amount of time to complete this work.[2]

The court has determined that 10.75 hours of work for a total fee of $3,000 would be based on an hourly billing rate of $279.07. The court therefore finds that a reasonable hourly billing rate for the legal work performed by Hoffman is $279.07 an hour.

To sum up: The court concludes a reasonable amount for legal expenses incurred by Cathay Bank is $3,000; and of that total amount, 7 Star should be responsible for paying $1,500, and Maisa and Nabil Khatib should be jointly responsible for paying $1,500.

III.

Conclusion

Therefore,

The court ORDERS that the portion of the motion seeking to compel discovery against 7 Star be, and is hereby, dismissed as moot, and that the request for reasonable expenses against 7 Star, be, and is hereby, granted.

---

[2] The 1.25 hour entry on 1/17/12 for Hoffman includes a telephone message left for opposing counsel about the "discovery issues" in this case. Cathay Bank's Mar. 6, 2012 Resp., Attach. to Ellis Supplemental Aff. That message mentioned discovery issues "for Maisa lawsuit as well," most likely in reference to a separate case pending in this court, Maisa Property, Inc. v. Cathay Bank, No. 4:12-CV-066-A. Id. The court is satisfied that the $3,000 fee adequately reflects the reduction for whatever time was spent on the phone message concerning that separate case.

The court further ORDERS that the portion of the motion seeking to compel discovery against Maisa be, and is hereby, dismissed as moot, and that the request for reasonable expenses against Maisa, be, and is hereby, granted.

The court further ORDERS that 7 Star be, and is hereby, ordered to pay Cathay Bank $1,500.

The court further ORDERS that Maisa be, and is hereby, ordered to pay Cathay Bank $1,500.

SIGNED March 7, 2012.

_____
JOHN McBRYDE
United States District Judge